UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CR-0152-001-CVE |
| ) | (16-CV-0408-CVE-PJC) |
| ) | |
| LEONARDO RAMOS, ) | |
| a/k/a "Leonard Ramos," ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 35). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**I.**

On October 3, 2011, a grand jury indicted defendant on one count of possession of a firearm after former felony conviction in violation of 18 U.S.C. §§ 922 (g)(1) and 924(a)(2), and one count of possession of an unregistered rifle having a barrel of less than 16 inches in length in violation of 26 U.S.C. §§ 5861(d) and 5871. Dkt. # 2. On December 13, 2011, defendant entered a guilty plea to the felon-in-possession charge. Dkt. # 21. A presentence investigation report (PSR) was prepared and the PSR noted that defendant had at least two prior convictions for controlled substances offenses. On March 9, 2012, the Court sentenced defendant to a term of imprisonment of 110

months for the felon-in-possession charge and dismissed the remaining count upon motion of the United States. Dkt. # 32. Defendant was sentenced as a career offender, based upon the felon-in-possession offense and two prior convictions for controlled substances offenses. Defendant did not file a direct appeal. On June 28, 2016, defendant filed a § 2255 motion, asserting that he is entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2251 (2015), holding that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutional. In Welch v. United States, 136 S.Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. The Supreme Court decided Johnson on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[1]

## II.

Defendant asserts that the Court sentenced defendant based upon a finding that he had at least one prior felony conviction for a crime of violence, as defined by § 4B1.2 of the United States Sentencing Guidelines, which resulted in a designation as a career offender. Dkt. # 35, at 13. Defendant argues that, because § 4B1.2(a) utilizes nearly identical language as the residual clause in the ACCA, the residual clause contained in § 4B1.2(a) is similarly unconstitutional. Id.

Prior to Johnson, the ACCA defined "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding on year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult that, --

---

[1] When calculating the one-year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
> . . . .

18 U.S.C. § 924(e)(2). The last section of this definition treating a prior conviction as a violent felony if it "involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." In <u>Johnson</u>, the Supreme Court found that the residual clause was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2556-57.

Section 4B1.1 of the United States Sentencing Guidelines provides a defintion for an offender to be a "career offender."

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offence; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Section 4B1.2(a) defines "crime of violence" as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has an element the use, attempted use, or threatened use of physical force against the person of another or,
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical     injury to another.

3

Thus, defendant asserts that he is entitled to relief under Johnson because he was subjected to a career offender designation based on language nearly identical to that of the unconstitutional ACCA residual clause. Dkt. # 35, at 14.

As an initial matter, the Court considers the timeliness of defendant's motion. The Court received defendant's motion on June 28, 2016. Defendant's claim regarding the constitutionality of his sentence based on Johnson is subject to a one-year limitations period from the date that the Supreme Court recognized the right being asserted. Dodd v. United Stats, 545 U.S. 353, 359-60 (2005). And the Supreme Court decided Johnson on June 26, 2015. Defendant's deadline to file his motion was thus June 27, 2016. See supra n.1. The Court thus considers whether defendant timely filed his § 2255 motion.

Under the prison mailbox rule, a "pro se prisoner's [filing] will be considered timely if given to prison official for mailing prior to the filing deadline, regardless of when the court itself receives the documents." Houston v. Lack, 487 U.S. 266, 276 (1988). "An inmate can obtain the benefit of the prison mailbox rule in one of two ways: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that the postage was prepaid." Price v. Philpot, 420 F.3d 1158, 1163-64 (10th Cir. 2005); see also Fed. R. App. P. 4(c).

Defendant presents no evidence that he made use of the prison mail system, nor does he provide a notarized statement or declaration made under penalty of perjury attesting to the date documents were given to prison officials and that postage was prepaid. But some evidence suggests

that defendant may have timely utilized the prison mail system. Although the envelope defendant used to mail his motion does not have a postmark, the front of the envelope bears a handwritten notation of "Rec'd 6/23" and the back of the envelope bears a stamp providing the name and address of the correctional facility, along with a handwritten notation of "6-24." However, there is no indication from the information on the envelope that defendant's motion was processed through the legal mail system. Based on this evidence, the Court is unable to determine conclusively whether defendant availed himself of the prison mail system so as to benefit from the prison mailbox rule.

Although the Court cannot conclusively determine whether defendant timely filed his § 2255 motion, the Court need not resolve that issue because defendant's claim that he is entitled to relief under Johnson lacks merit. Defendant asserts that because he was sentenced as a career offender, which defines "crime of violence" in language nearly identical to that of the unconstitutional ACCA residual clause, his sentence should be vacated. Dkt. # 35, at 14. Defendant was subject to a career offender designation based upon the felon-in-possession offense and two former convictions for controlled substance offenses. Defendant asserts that a misdemeanor assault and battery offense, as well as his two prior controlled substance offenses, fail to qualify as a crime of violence within the meaning career offender residual clause. Indeed, defendant's two prior convictions for controlled substances are not crimes of violence; they were instead utilized for the purposes of the career-offender designation as independent predicate offenses relating to controlled substances. And defendant's misdemeanor assault and battery offense was not utilized to apply the career-offender designation. The predicate offenses that the Court utilized in determining that defendant qualified as a career offender did not involve the § 4B2.1(a)(2) residual clause that defined "crime of

5

violence" in language nearly identical to that held unconstitutional by the Supreme Court in Johnson. Because defendant was not sentenced as a career offender based upon the crime of violence definition of § 4B2.1(a)(2), any argument regarding the constitutionality of the crime of violence definition in the sentencing guidelines post-Johnson is inapplicable to defendant's sentence. Defendant is not entitled to relief under Johnson, and he provides no other basis upon which he asserts he is entitled to relief. The Court thus concludes that defendant's § 2255 motion should be denied.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 35) is **denied**. A separate judgment is entered herewith.

**DATED** this 28th day of July, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE